UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEBERT METELLUS,

          Petitioner,

vs.                              Case No. 3:11-cv-372-J-34JBT

ERIC HOLDER, JR.,
etc.; et al.,

          Respondents.

## ORDER

Petitioner Metellus initiated this action by filing a Pro Se Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2241 on April 14, 2011, pursuant to the mailbox rule. He contends that he has been unlawfully detained by United States Immigration and Customs Enforcement (ICE) at the Baker County Detention Center while awaiting the execution of his 2007 removal order, which he alleges became final over six months ago. Petitioner was released from the Florida Department of Corrections on January 11, 2011, and entered immigration custody that same

day.[1]  See http://www.dc.state.fl.us/InmateReleases; Petition at 3, paragraph 11.

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns.  Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time.  Id. at 701.  Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation.  Id.  This does not mean that every alien detained longer than six months must be released.  Id.  On the contrary, the Court explicitly stated that the six-month period is only a "bright line" by which the detainee should reasonably be able to be removed.  Id.  The Supreme Court stated that it recognized the six-month period "for the sake of uniform administration in the federal courts."  Id.  "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days

---

[1] Pursuant to 8 U.S.C. § 1231(a)(1)(B)(i-iii), the removal period begins on the latest of the following occurrences:  (1) the date the removal order becomes administratively final; (2) if the order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.  Here, Petitioner asserts that he has been in ICE custody less than six months.  See Petition at 3, paragraph 11.

thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1051 (11th Cir. 2002) (per curiam).

"The reasonable period of post-removal detention is presumptively six months for both admitted and inadmissible aliens[.]" Benitez v. Wallis, 402 F.3d 1133, 1135 (11th Cir. 2005). After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Akinwale, 287 F.3d at 1051. Thus, it is clear that "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

> In Akinwale, the Eleventh Circuit determined that the six-month detention period recognized by the Supreme Court "must have expired" at the time a petitioner's § 2241 petition is filed "in order to state a claim under Zadvydas." 287 F.3d at 1052; see also Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1363 (N.D. Ga. 2002) ("A six-month custodial period of time following the order of removal must have elapsed prior to the filing of a habeas petition challenging confinement under Zadvydas.").

Maraj v. Dep't of Homeland Security, No. CA 06-0580-CG-C, 2007 WL 748657, at *3 (S.D. Ala. Mar. 7, 2007) (not reported in F.Supp.2d).

3

With post-removal detention beginning on January 11, 2011, the six-month time frame, as set forth in Zadvydas and Akinwale, has not expired. See Galloway v. Dep't of Homeland Security, No. 8:09-cv-664-T-33TGW, 2009 WL 1587110, at *2 (M.D. Fla. June 5, 2009) (not reported in F.Supp.2d) (recognizing that the alien must not only show post-removal order detention in excess of six months, but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future). Thus, since Petitioner has not shown post-removal-order detention in excess of six months at the time of the filing of his Petition, the Petition is due to be dismissed as prematurely filed.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DISMISSED** without prejudice as prematurely filed.

2. The Clerk of Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of May, 2011.

*[Signature: Marcia Morales Howard]*
MARCIA MORALES HOWARD
United States District Judge

```
sc 4/26
c:
Lebert Metellus
```